UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MASTERCARD INTERNATIONAL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:13CV2119 HEA |
| | ) |
| ACI WORLDWIDE CORP., | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Transfer this cause of action to the District of Nebraska, [Doc. No. 23]. Responsive pleadings have now been filed and the matter is ripe for disposition.

This dispute involves a controversy over the alleged disclosure of certain intellectual property of Defendant by Plaintiffs. The question before the Court is whether to try this case here or whether it should be tried in the District Court of Nebraska. Plaintiffs, who filed this declaratory judgment action in Missouri before Defendant filed its multi-count contract and misappropriation of trade secrets suit in Nebraska, argues that the "first to file" rule should apply. Plaintiffs also argues that neither the balance of convenience nor the interests of justice factors of 28 U.S.C. § 1404 favor disturbing its choice of forum. Defendant disagrees. After

careful consideration of the matter, review of the parties' pleadings and submitted exhibits, and relevant case law, the Court will not apply the "first to file" rule, and finds that the Section 1404 factors favor transfer and will therefore transfer this case to the District Court of Nebraska.

The Declaratory Judgment Act grants the district court the discretion to hear, stay or dismiss a declaratory judgment action brought before it. 28 U.S.C. § 2201. The Declaratory Judgment Act states in pertinent part, that "any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act was "intended to provide a remedy which would 'minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued.'" *Eveready Battery Co., Inc. v. L.P.I. Consumer Products, Inc.,* 464 F.Supp.2d. 887, 890 (E.D.Mo.2006) *quoting Koch Engineering Co. v. Monsanto Co.,* 621 F.Supp. 1204, 1206–07 (E . D.Mo.1985).

Plaintiffs argues that the Court should retain this action because priority should be given to applying the first-to-file rule. Defendant, on the other hand, contends that the first-to-file rule should not be applied in this case because

Plaintiffs filed this action while on notice that Defendant was going to file suit and it raced to the courthouse to usurp Defendant's choice of forum as the true Plaintiffs in the contract and trade secret case.

In instances wherein parallel litigation has been instituted by the same or different parties in different courts, the "first-filed rule" gives priority to choice of venue of the party who first established jurisdiction. *Northwest Airlines v. American Airlines,* 989 F.2d. 1002, 1004–1006 (8th Cir.1993)(internal citations omitted); *see, Keymer v. Management Recruiters Intel.,* 169 F.3d. 501, 503 n. 2 (8th Cir.1999) *citing Northwest Airlines, supra.; Anheuser–Busch, Inc. v. Supreme Intel. Corp.,* 167 F.3d. 417, 419 n. 3 (8th Cir.1999) *citing Northwest Airlines, supra.; Monsanto Technology LLC v. Syngenta Crop Protection, Inc.,* 212 F.Supp.2d. 1102–03 (E.D.Mo.2002) *citing Northwest Airlines, supra.; General Committee of Adjustment GO–386 et. al. v. Burlington Northern Railroad,* 895 F.Supp. 249, 251–52 (E.D.Mo.1995). The purpose of the rule is to conserve judicial resources and avoid conflicting rulings; however, the rule should not be applied in a rigid, mechanical or inflexible manner but rather should serve as a means to facilitate the interests of justice. *Id.* The prevailing standard is that in the absence of "compelling circumstances," the first-filed rule should apply. *Boatmen's First National Bank of Kansas City v. Kansas Public Employees*

*Retirement System,* 57 F.3d. 638, 641 (8th Cir.1995) *citing Northwest Airlines, supra.; Monsanto Technology,* at 1102–03; *Eveready Battery Co. v. Zinc Products Co.,* 21 F.Supp.2d. 1060, 1061–62 (E.D.Mo.1998); *Commercial Union Ins. v. Torbaty,* 955 F.Supp. 1162, 1163 (E.D.Mo.1997); *General Committee of Adjustment GO–386,* at 251–52 (citations omitted).

The Eighth Circuit has identified "two red flags" that indicate the presence of compelling circumstances justifying the non-application of the first-filed rule. Firstly, whether the "first" lawsuit was filed after the other party gave notice of its intention to sue; and secondly, whether the "first" action was for declaratory relief rather than for damages or equitable relief. *Northwest Airlines,* at 1007; *see, Anheuser–Busch, Inc. v. Supreme Intel. Corp.,* at 419; *Boatmen's First National Bank of Kansas City,* at 641; *Eveready Battery v. Zinc Products,* at 1062; *Commercial Union Ins.,* at 1163.

Finally, the cases do not have to be identical as to parties and/or issues, but must be related so there is substantial overlap between the cases regarding the issues raised. *Monsanto Technology,* at 1103; *General Committee of Adjustment GO–386,* at 252.

After having examined the facts of this case as presented by the parties, the Court believes that the "red flags" set forth by the Eighth Circuit are present here.

On October 21, 2013, the president of Defendant delivered to the president of Plaintiffs a draft complaint asserting its claims against Plaintiffs. This draft asserted a number of claims related to Plaintiffs's alleged conversion of Defendant's intellectual property and alleged conspiracy with Defendant's competitor, Baldwin Hackett & Meeks, Inc.

The presidents discussed the alleged misconduct and Defendant's demand that Plaintiffs account for its conduct and provide relief for the alleged harm caused. The next day, Plaintiffs sued Defendant in this Court seeking declaratory judgment that it did not commit the acts described in the draft complaint.

Plaintiffs clearly had notice of defendant's intent to file suit prior to its filing of this declaratory judgment action. Secondly, Plaintiffs filed its declaratory judgment action in the midst of settlement negotiations. It knew that Defendant preferred to resolve the matter rather than file suit. A court should encourage good faith settlement negotiations instead of rushing to the courthouse, and "[a]pplication of the first-filed rule should not penalize parties for their efforts to settle matters out of court." *Eveready Battery v. Zinc Products Co.,* at 1062 *quoting Boatmen's First National Bank of Kansas City,* at 144.

Plaintiffs's declaratory judgment action does not further the goals of the Declaratory Judgment Act, and serves no purpose other than to deprive Defendant

of its choice of forum and time of suit to litigate a potential claim for damages that Plaintiffs was clearly apprised of prior to filing its declaratory judgment action. *See, Creative Compounds, LLC v. Sabinsa Corp.,* 2004 WL 2601203, *2 (E.D.Mo. November 9, 2004)(facts of case clearly showed that Plaintiffs did not face a defendant that intended to delay legal action while damages unnecessarily accrued). It is clear to this Court that Plaintiffs's declaratory judgment action is nothing more than a preemptive strike meant to thwart Defendant's anticipatory lawsuit for damages. The filing of a declaratory judgment action, during attempts to avoid litigation, is suspect; and as such, the Court will not apply the first-to-file rule. *See, Eveready Battery v. L.P.I. Consumer Products, supra.; Beard v. Diamond,* 2010 WL 1644686 (E.D.Ark. April 20, 2010).

The next question is whether to transfer the case to the District Court of Nebraska under 28 U.S.C. § 1404, which provides, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…." 28 U.S.C. § 1404(a). The United States Supreme Court recently explained the standard governing motions to transfer under 28 U.S.C. §1404(a). "[A] district court considering a § 1404(a) motion…must evaluate both the convenience of the parties

and various public-interest considerations." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, __ U.S.__, 134 S. Ct. 568, 581 (2013).

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the Plaintiffss' choice of forum.

*Id.* at 581 n.6 (citations and quotation marks omitted). "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Id.* at 581 (citations and quotation marks omitted).

The Court has considered these traditional factors relating to a transfer under 28 U.S.C. § 1404(a) and finds that these factors support transferring this action. Proceeding in the Nebraska District court will not significantly inconvenience the parties or the fact witnesses to this action. Defendant is a Nebraska corporation with its principal place of business in Nebraska. BHMI is a Nebraska Corporation that conducts business in Nebraska and has its principal place of business in Nebraska. Neither MasterCard party was formed in Missouri and only MasterCard

Technologies has its principal place of business in Missouri; MasterCard Int'l does not. It also appears that documentary evidence is as easily available in Nebraska as it is here. Many of the witnesses live in and conduct business in Nebraska. Many of Plaintiffs' witnesses reside in places other than Missouri. The District Court of Nebraska is quite capable of addressing that issue. Finally, the relevant agreement is governed by the laws of the state of Nebraska.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer to the District Court of Nebraska, [Doc. No. 23], is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer this cause of action to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

Dated this 30th day of June, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE